1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   OTTO W. WEILERT,                           No. 2:19-cv-958-JAM-KJN PS

12                    Plaintiff,                 FINDINGS AND RECOMMENDATIONS
                                                 AND ORDER ON DEFENDANTS'
13            v.                                 MOTION TO DISMISS

14   QUALITY LOAN SERVICE CORP.,                 (ECF No. 4.)
     NATIONSTAR MORTGAGE, LLC
15   ROBERT E. WEISS INC., and
     DOES 1 THROUGH 15,
16
                     Defendants.
17

18            On April 2, 2019, plaintiff filed a complaint in California state court alleging twelve

19   claims against defendants all related to his mortgage and foreclosure proceedings; defendants

20   removed to this Court on May 24.[1]  (ECF No. 1.)  On June 21, defendants filed the instant motion

21   to dismiss, and set the hearing for July 25.  (ECF No. 4.)  Due to the court's unavailability, the

22   hearing was reset to August 1 via minute order.  (ECF No. 5.)  A copy of this minute order was

23   mailed to plaintiff, but was returned as undeliverable.  (See Docket Entry for July 17, 2019.)

24   Plaintiff did not file a response to defendants' motion to dismiss.  (See Id.)  Out of an abundance

25   of caution, the court kept the August 1 hearing on the calendar; but plaintiff did not appear at the

26   hearing.  Thus, the court RECOMMENDS dismissal for failure to prosecute.

27   _____

28   [1] Plaintiff represents herself in this action without the assistance of counsel; thus, this case
     proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

## **Analysis**

Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself [] without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by plaintiff's failure to take the steps necessary to move this case forward. The third factor also slightly favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to be promptly notified of the lawsuit and prepare their defense. With the passage of time, witnesses' memories fade and evidence becomes stale.

Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal, because the court has already attempted less drastic alternatives. Specifically, the court, cognizant of plaintiff's *pro se* status, kept the hearing on the calendar in case plaintiff would have appeared, but plaintiff did not show. The court did so despite plaintiff's failure to respond to defendants' motion to dismiss. Further, the court's mail was returned as undeliverable, and plaintiff has not informed the court of any change of address. See L.R. 182(f) (imputing a duty on parties to notify the court and parties of any change of address). According to plaintiff's complaint and defendant's motion to dismiss, it appears that foreclosure proceedings have not begun, giving the court no indication why plaintiff wouldn't receive mail sent to him by the court. Simply, plaintiff has been incommunicado since filing his complaint, leaving the court with little alternative but to recommend dismissal.

Finally, as to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors. Indeed, it is plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The action be dismissed pursuant to Federal Rule of Civil Procedure 41(b); and

2.  The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any

motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: August 2, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

weil.958